O'BRIEN BROS. MANUF'G CO. *v.* PEORIA PLOW CO.

SAME *v.* PIERCE *et al.*

*(Circuit Court, N. D. Illinois, S. D.    April 23, 1888.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY.
    The invention in reissued letters patent No. 6,606, of August 24, 1875, (original granted September 29, 1874,) to William S. O'Brien, for an "improvement in that class of harrows which are made in sections connected to each other by eye-bolts and a coupling rod," consists in making the coupling rod with a loop or crook, which may be engaged with a hook on one of the sections to retain it in its place, and may be released therefrom simply by turning it.

*Held* not anticipated by harrows which had been made in sections prior to the date of the invention; the sections in such harrows being coupled together only with hinges and with hooks, eye-bolts, and straight coupling rods passing through eyes located in the sides of the adjacent sections.

2. SAME—REISSUE—DESCRIPTION OF CLAIM.

In letters patent No. 155,543, of September 29, 1874, to William S. O'Brien, for an "improvement in that class of harrows which are made in sections connected to each other by eye-bolts and a coupling rod," the device is described in substantially the same manner in which it is described in the reissue, (No. 6,606, of August 24, 1875,) but the claim is: "The combination of the coupling rod, having the bend, with the harrow sections and eyes by means of the hook." The claim in the reissue is: "The coupling rod having a crook or loop arranged to operate with a hook for securing said coupling rod in the eyes, and the harrow sections to each other." *Held*, that "combination," as used in the original claim, was synonymous with "connection," and that the reissue was therefore valid; it being evident from the original specification that what the inventor wished to secure was his new coupling rod, which was his invention, and which consisted of the combination of two or more harrow sections, by means of a coupling rod having a hinged or pivotal connection, centrally on the side of one section.

3. SAME—INFRINGEMENT—WHAT CONSTITUTES.

Sectional harrows coupled loosely with a looped or bent coupling rod, but having the band or loop made wide enough to allow its back to engage with two hooks projecting from the side of the opposite section, and at some distance apart, instead of one hook only, as in reissued letters patent No. 6,606, of August 24, 1875, (original granted September 29, 1874,) to William S. O'Brien, for an improvement in harrows, is an infringement thereof; the looped coupling rod, for the purposes to which it is applied, constituting the invention, and the fact that strength is gained by the use of an additional hook and an improvement over the original device thus secured being immaterial.

In Equity. Bill for infringement.
*Frank F. Reed*, for complainant.
*Hopkins & Hammond*, for respondents.

BLODGETT, J. By the bills in these cases defendants are charged with the infringement of reissued letters patent No. 6,606, granted August 24, 1875, to William S. O'Brien, assignee to the O'Brien Bros. Manufacturing Company, for an "improvement in harrows," the original patent having been granted September 29, 1874. In the specifications the inventor says:

"The nature of this invention relates to improvements in that class of harrows which are made in sections connected to each other by eye-bolts and a coupling rod; and the invention consists in making the coupling rod with a loop or crook, which may be engaged with a hook on one of the sections, to retain it in place, and may be released therefrom simply by turning it."

He then describes the sections with eye-bolts inserted near the ends of each side-piece of the respective sections, and a hook projecting from near the middle of one side of a section, so that the looped coupling rod, by passing through the eyes of two adjacent sections, connects them loosely together, giving them each an independent vertical movement, and also a lengthwise movement on the coupling rod to the extent of the space between the eye-bolts on the sections so held together; and by engaging the loop of this coupling rod with the hook located in the side of one of the sections, and near the middle of such section, the coupling rod is kept in place, while it secures a loose coupling between the sections,

which allows to each section a free movement up and down and alongside each other. The claim of the patent is:

(1) The coupling rod, C, having a crook or loop, c, arranged to operate with a hook, d, for securing said coupling rod in the eyes, B, B, and the harrow sections to each other, substantially as described, and for the purpose specified.

Defendants, by their answer, deny the novelty of the device covered by the patent, and also deny the infringement; but as no anticipations of the device are set up in the pleadings, or shown in the proof, I take it that no serious contest is made as to the patentability of the machine. It is conceded that harrows had before this invention been made in sections, and the sections coupled together with hinges, and with hooks and eye-bolts, and also with straight coupling rods passing through eyes located in the sides of the adjacent sections; but there is no proof of the use of a looped coupling rod for the purposes to which this inventor applies it, or for any such analogous purpose as would anticipate this device. Defendants, however, insist that the patent is void because, as it is claimed, the reissue is not for the same invention described in the original patent. An examination of a copy of the original patent,[1] which is in evidence, shows that the device was described in substantially the same manner in which it is described in the reissue; but the claim is in these words: "The combination of the coupling rod, c, having the bend with the harrow sections, A, A, and eyes, B, B, by means of the hook, substantially as set forth." This claim is certainly obscure, and did not, I think, secure to the inventor the thing which he claimed to have invented,—that is, his looped coupling rod, so arranged to operate with the hook as to secure the rod in the eyes of the eye-bolts,—but, if the original claim is for anything, it is for the combination of the coupling rod with other members; while it is evident that the inventor wished to secure the patent on his new form of coupling rod, because he says in his original specifications that his invention consists in the combination of two or more harrow sections by means of a coupling rod having a hinged or pivotal connection centrally on the side of one section, and he evidently uses the word "combination" in this statement as a synonym for the word "connection." and hence he in apt time surrendered his original patent, and obtained this reissue, specifically covering his coupling rod, not as an element or member of a combination, but as a new invention or device for connecting harrow sections together. I am therefore of opinion that the reissue is valid. Defendants make and sell sectional harrows coupled loosely with a looped or bent coupling rod, but the bend or loop is made wide enough so that its back engages with two hooks projecting from the side of the opposite section, and at some distance apart, instead of one hook, as shown in complainant's patent. This, in my opinion, is a mere change of form, with no change of principle. After O'Brien had taught the world the utility of one loop and hook to keep the coupling rod in place, and thus hold the sections together, his

[1] No. 155,543.

invention cannot be evaded by making a broader loop and adding another hook. It may be that there is a gain of strength by using two hooks, and I will not say that defendants' rod is not an improvement on the O'Brien rod, but, at best, they must be held to use O'Brien's device with this improvement, and herein they infringe the O'Brien patent.

Decrees may be prepared finding that the complainant's patent is valid, and that defendants infringe, and referring the cases to the master to take proofs and report as to complainant's damages.